FILED
SUPERIOR COURT
OF GUAM

2025 AUG 20 PM 4: 12

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **DURI CORPORATION,** | **CIVIL CASE NO. CV0548-23** |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER DENYING MOTION FOR DISCLOSURE OF** |
| **BASE CORPORATION AND SUNG HEE HONG,** | **CONFIDENTIAL SETTLEMENT AGREEMENT** |
| **Defendants.** | |

This matter came before the Honorable Dana A. Gutierrez on May 22, 2025, for a hearing on Duri Corporation's Motion for Disclosure of Confidential Settlement Agreement (Nov. 5, 2024). At the hearing, Attorney Philip Torres appeared on behalf of Duri Corporation. Defendants Base Corporation and Sung Hee Hong did not appear for the hearing.[1] Upon review of the parties' arguments and applicable Guam law, the Court hereby **DENIES** the Motion.

## BACKGROUND

Base Corporation and Duri Corporation are construction companies. Base Corporation was the primary contractor, and Duri Corporation was a subcontractor, on a construction project called Yigo Sienna Garden Phase 2. In February 2022, Duri Corporation allegedly completed its subcontract work on Yigo Sienna Garden Phase 2 and tendered an invoice to Base Corporation in the amount of $91,139.55. This invoice remains unpaid.

---

[1] Base Corporation has never answered or appeared in this case, and the Superior Court Clerk of Court has entered Base Corporation's default. Attorney Thomas M. Tarpley has previously appeared on behalf of Sung Hee Hong, but he did not appear for this hearing.

In October 2023, Duri Corporation filed a Complaint against Base Corporation and Sung Hee Hong.[2] Base Corporation has not filed an Answer. Sung Hee Hong has filed an Answer, which admits that Base Corporation (but not Sung Hee Hong herself) owes Duri Corporation the amount in question. Sung Hee Hong's Answer further explains:

> [Base Corporation] has promised to pay Plaintiff said amount when Base collects it from the owner of the project . . . . Hong affirmatively alleges that said amount is included in the mechanic liens on the project properties that Base recorded at the Guam Department of Land Management which are a subject of Base's lawsuit against Guam Five Star Corporation in the Superior Court of Guam for breach of contract and foreclosure of said liens, and that [Duri Corporation] has been repeatedly informed of all these legal actions which are presently stayed pending ongoing arbitration between Base Corporation and Guam Five Star Corporation.

Answer at 2 (Nov. 13, 2023). Thereafter, the parties stipulated to stay this case until after the conclusion of the arbitration between Base Corporation and Guam Five Star Corporation ("GFSC"). Stip. & Order (Feb. 19, 2024).

On October 22, 2024, the Court held a Status Hearing. There, Duri Corporation informed the Court that Base Corporation and GFSC had concluded their arbitration proceedings and reached a settlement (hereafter, "GFSC Settlement"). On November 5, 2024, Duri Corporation filed the instant Motion, arguing that the GFSC Settlement should be disclosed "based on potential fraud to the public and relevance to this ongoing case." Mot. Disclose at 2. Duri Corporation asserts that the GFSC Settlement is "confidential," and that a confidential settlement agreement is contrary to both the "public good" and "the rights of other parties that have done or may do business with

---

[2] The Complaint alleges that Duri Corporation's contract was with both Base Corporation and Sung Hee Hong, and the instant Motion alleges that Base Corporation is the "alter ego" of Sung Hee Hong. Mot. Disclosure at 2. Sung Hee Hong disputes the "alter ego" allegation. *See* Verified Response at 2 (Nov. 14, 2024).

Base Corporation or [GFSC]. *Id.* Duri Corporation thus requests that the Court order GFSC and/or Base Corporation to disclose the GFSC Settlement to Duri Corporation, or else show cause why they should not.

On November 14, 2014, Attorney Tarpley filed a Verified Response.[3] Attorney Tarpley explains that while he had previously been "attorney of record" for Base Corporation, he ultimately "took no part" in the execution of the GFSC Settlement. *Id.* Instead, he avers that the GFSC Settlement was drafted by Attorney Joyce Tang, counsel for GFSC. *Id.* Attorney Tarpley agrees that the GFSC Settlement contains a confidentiality clause but asserts that the settlement agreement "allows disclosure of the settlement terms pursuant to a court subpoena or court order." *Id.* at 1–2. Attorney Tarpley states he informed Attorney Tang of Duri Corporation's request for disclosure and recommended that GFSC agree to do so, but he has not received a definitive response. *See id.* at 2. Attorney Tarpley concludes by stating that Sung Hee Hong "has no objection to this Court ordering such disclosure." *Id.*

Duri Corporation did not file a Reply. The Court heard the Motion on May 22, 2025, and subsequently took the matter under advisement.

## DISCUSSION

Duri Corporation asks the Court to "issue an Order compelling [Base Corporation and GFSC] to disclose the confidential settlement agreement or personally appear before this Court to explain why they object to disclosure." Mot. Disclosure at 3. However, Duri Corporation has not offered a procedural vehicle, such as a statute or Guam Rule of Civil Procedure ("GRCP"), which

---

[3] Although the document is styled as the "Verified Response of Defendant Hong," it is written from the perspective of Attorney Tarpley and is signed and verified only by him.

3

empowers the Court to issue such an order. Since Duri Corporation seeks to compel a party opponent (Base Corporation) and/or a non-party (GFSC) to disclose a document with alleged "relevance to this ongoing case," Mot. Disclose at 2, the Court construes the Motion as a discovery motion pursuant to GRCP 26(b). *Cf. Hoerchler v. Equifax Info. Servs., LLC*, 568 F.Supp.3d 931, 939 (N.D. Ill. 2021) ("Whether a confidential settlement agreement should be disclosed to other parties in a multi-party case is governed by the familiar Rule 26(b)(1) discovery standards."); *Cooley v. Curves, Int'l, Inc.*, 2008 WL 11333881 * 4 (W.D. Tex. May 19, 2008) ("Courts routinely order production of confidential settlement agreements under Rule 26 when they are relevant to the allegations at issue in a particular action.").

Under GRCP 26(b), a party may discover any document "not privileged, that is relevant to the claim or defense of any party." The fact that the GFSC Settlement has been labeled "confidential" does not itself create a privilege. *See Board of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Inc.*, 253 F.R.D. 521, 522-23 (C.D. Cal. 2008) ("[T]he simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery."); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004); *Bennett v. La Pere*, 112 F.R.D. 136, 140–41 (D. R.I. 1986).[4] However, while the GFSC Settlement may not be privileged, it must still be proven relevant. The court recognizes that relevance under GRCP 26 is a broad standard, encompassing "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

---

[4] "As the GRCP are generally derived from the Federal Rules of Civil Procedure, and because discovery issues are infrequently decided by appellate courts, we look to decisions of federal district courts regarding discovery as instructive." *Lujan v. Tebo*, 2024 Guam 15 ¶ 36.

4

340, 351 (1978). But even under that liberal standard, the Court is unclear whether the GFSC Settlement bears on, or could bear on, any issue in this case.[5]

Duri Corporation's claim, in effect, is that it (1) performed work for Base Corporation and/or Sung Hee Hong, (2) was not paid for that work, and (3) was thus damaged in the amount of $91,139.55. *See* Compl. (Sept. 1, 2023). If these allegations are true, they would be equally true regardless of the terms of the GFSC Settlement. If the defendants failed to pay Duri Corporation for the work it performed, they would be liable for that non-payment, regardless of Base Corporation's eventual recovery from GFSC. Thus, the terms of the GFSC Settlement do not appear to bear on the claim presented in the Complaint. Theoretically, they might bear on whether Base Corporation is currently able to *satisfy* a money judgment, but GRCP 26 does not permit discovery solely for that purpose. *See Ranney-Brown Distributors, Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence."); *Sierrapine v. Refiner Products Mfg., Inc.*, 275 F.R.D. 604, 609-10 (E.D. Cal. 2011) (collecting cases). To compel discovery of the GFSC Settlement, Duri Corporation would need to prove a different theory of relevance. It has not done so in its Motion.

---

[5] Duri Corporation suggests that disclosure is necessary to reveal whether the GFSC Settlement was "done to perpetuate a fraud upon [Duri Corporation] or the public or other misconduct." Mot. Disclose at 3. However, the Complaint in this case does not allege fraud, nor does it seek punitive damages based on such alleged fraud. Instead, pursuant to the Complaint, this case is solely about whether Base Corporation and/or Sung Hee Hong owe Duri Corporation $91,139.55 for unpaid work. Non-specific suppositions about possible "fraud" or "misconduct" do not bear on any of the allegations in the Complaint and thus do not supply a theory of "relevance" under GRCP 26.

Aside from relevance, the Motion also does not follow the appropriate procedures to compel document discovery. Under GRCP 34(c), a party may seek to compel document discovery from a non-party "as provided in GRCP 45"—i.e., by subpoena. Here, GFSC is a non-party, and so any attempt to compel discovery from GFSC would require a subpoena. *See, e.g., United States v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 586 (D. N.M. 2015) ("Discovery of non-parties must be conducted by subpoena pursuant to [Federal Rule of Civil Procedure 45]); *Highland Tank & Mfg. Co. v. P.S. Intern., Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) ("Rule 45 is the only discovery method whereby information may be obtained from a nonparty to the suit."). The record does not reflect that Duri Corporation has attempted to subpoena GFSC before filing this Motion.

Under GRCP 34(b), a party may "move for an order" to compel document discovery from another party pursuant to GRCP 37(a). Base Corporation is a party to this case, but Base Corporation has never appeared in this action and its default has been entered. Several federal courts have held that a defaulted defendant is akin to a non-party for purposes of discovery. *See, e.g., Blazek v. Capital Recovery Associates*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) ("once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties."); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010) ("We agree with the *Blazek* court's analysis, however, that a defaulted defendant should be treated as a non-party."). The Court is likewise inclined to view Base Corporation as a non-party; thus, Duri Corporation cannot compel discovery from Base Corporation except by subpoena.

6

In its Motion, Duri Corporation cites only to the "analogous" case of *Osowski v. AMEC Const. Mgmt., Inc.*, 69 A.D.3d 99 (N.Y. App. Div. 2009). However, the Court finds it difficult to draw a legal analogy to that case. First, the settlement agreement sought in *Osowski* was not only relevant, but potentially case-dispositive to an indemnity claim.[6] Here, as explained above, the relevance of the GFSC Settlement is not yet evident to the Court. Second, the *Osowski* motion was brought by the defendant against the plaintiff, an active party opponent. Accordingly, there was no question in *Osowski* about whether the court had the power to compel the plaintiff to produce the documents. In this case, the Motion was brought by the plaintiff against a non-party to the lawsuit and a defendant in default (in effect, another non-party). Neither Base Corporation nor GFSC was subpoenaed prior to the filing of the Motion.

Additionally, the *Osowski* decision turned on interpretation and application of a specific New York discovery statute, Civil Practice Law and Rules ("CPLR") Law 3101(a), which creates a unique "material and necessary" legal test for discovery. *Osowski* holds that under the particular facts of that case, the settlement agreement was "material and necessary" within the meaning of CPLR Law 3101(a). In other words, *Osowski* is a fact-specific decision based on a jurisdiction-specific discovery rule. In this case, the facts are not very similar to those of *Osowski*, and in Guam, there is no rule or statute that provides a similar "material and necessary" discovery test. Given these distinctions, the Court does not find *Osowski* persuasive authority for resolving this Motion.

---

[6] *Osowski* involved an action by a general contractor (AMEC) seeking indemnity from a subcontractor (DCM) based on Osowski's workplace injury. AMEC and Osowski settled, but AMEC continued to pursue indemnity from DCM. In response, DCM successfully argued that it needed to know the terms of that settlement, because if Osowski's recovery from AMEC was less than a certain amount, then AMEC was precluded from maintaining an indemnity action as a matter of law. Here, by contrast, it does not appear that the GFSC Settlement could bear on Duri Corporation's ability to *maintain* this action. If Base Corporation is liable to Duri Corporation based on the allegations of the Complaint, it would be liable regardless of the GFSC Settlement.

## CONCLUSION

Based on the above analysis, the Court concludes that Duri Corporation's Motion for Disclosure of Confidential Settlement Agreement is an improper motion to compel discovery, so the Motion is **DENIED.**

**SO ORDERED** this 20th day of August, 2025.

_____
**HONORABLE DANA A. GUTIERREZ.**
Judge, Superior Court of Guam

8